ANGEL ARROYO–RIVERA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, PABLO BERGA, J., and RAFAEL SANTIAGO, Respondents.

No. 42.   Argued February 13, 1928.—Decided April 18, 1928.

*Angel Arroyo Rivera* for the petitioner.   *José Gómez Aguayo* for Rafael Santiago.

MR. JUSTICE WOLF delivered the opinion of the court.

The Bank of San Juan sold a piece of property to Rafael Santiago for $1,232. Rafael Santiago paid $100 in cash and gave a mortgage of $1,132 for the balance of the purchase price. The mortgage credit as established was ceded or transferred to Angel Arroyo Rivera on the 27th of December, 1926. Angel Arroyo Rivera is the petitioner in this case.

The mortgage debt was not paid at maturity and a summary mortgage proceeding was begun for the recovery of the same. The property was adjudicated to the petitioner

and he was about to take possession of the same under the law within 30 days from the date of the auction sale, when Rafael Santiago filed a suit in the District Court of San Juan to claim a right of homestead. The District Court of San Juan, proceeding under the Act to secure the effectiveness of judgments, restrained the petitioner from ousting Rafael Santiago from the premises adjudicated to the petitioner.

The application in this case is for a writ of prohibition coupled with a petition for a certiorari. The court issued a writ of prohibition and refused for the moment to issue a certiorari. With a few exceptions substantially all the essential facts to be considered by this court are conceded or admitted.

We have the idea that a complaint claiming a homestead should clearly and by its facts set up the essentials of the statute, namely, that the alleged homesteader was the head of a family and was occupying the property as a residence. The complaint in this case fails to set forth the date at which the right of homestead began. The petition, not properly contradicted in this regard, sets up that the alleged homesteader moved into the property after the mortgage right of the petitioner arose. Thus the debtor failed to show clearly that he was entitled to a homestead, at the time the mortgage was executed. If this matter stood alone, however, it would properly be revisable by appeal, especially as the complaint could be amended.

A real reason for annulling the actions of the District Court of San Juan is that it was without jurisdiction inasmuch as the amount involved in a homestead can not exceed $500. The judge of the district court in his answer says that the complaint is cognizable because of the general jurisdiction of the district court; that the Legislature showed its intention by providing that in divorce cases the court should equitably apportion the homestead and that some of the injunctions, formerly known as interdicts, furnish an analogy.

In case of injunctions generally there is no amount involved, equity suits frequently depending solely upon the inadequacy of the damages, or for other reasons that the petitioner has discussed. So far as divorce cases are concerned it is evident that the Legislature has given the district court the power in a divorce decree to determine to whom the homestead should go, but no other intention is shown. In general terms a suit involving $500 or less must be begun in a municipal court.

In going over the facts of this case we find that it was alleged and admitted that the mortgage made by Rafael Santiago was for the balance of the purchase price of the sale and under section 1 of the Homestead Law, paragraph 1000 of the Revised Statutes, excluded from the right of homestead the "purchase price" of the property. It would seem, therefore, that no right of homestead arose in this case. We touch this question with some reserve because the parties have not discussed it.

Both the judge of the district court and Rafael Santiago have maintained that the rights of the petitioner are properly reviewable by appeal. The Prohibition Law of March 10, 1904, says that a writ of prohibition can not be issued to restrain the actions of inferior courts properly reviewable by appeal. In general we have wondered at the broad negation contained in the statute. In certain cases to take the words literally perhaps would destroy the plain intention of the Legislature. We think that the words "properly reviewable by appeal" must have a similar meaning, although possibly not so strong, as the words "adequately reviewable by appeal," which are so frequently used in considering cases of certiorari. However, we agree with the petitioner that where a clear matter of jurisdiction is involved if the district court has no jurisdiction we have no jurisdiction on appeal, and hence that the question involved is not properly reviewable by appeal. Furthermore, the petition in this case was not only for a writ of prohibition but also for a certiorari

if necessary, and as all the facts are before us we should not hesitate to consider this application as a writ of certiorari.

It has also been maintained that the petitioner should have at first directed his efforts to the District Court of San Juan to have it correct its own proceedings. This would indeed be the better practice, but where the matter of jurisdiction is so fundamental as in this case we do not feel justified in refusing the writ on this ground.

The parties have raised a number of other matters with regard to the Mortgage Law, the possibility of the interruption of the mortgage proceeding, the rights of the various parties under the Act to secure the effectiveness of judgments and the preference or precedence to be given to the various acts, along with other questions, but we find the foregoing considerations fundamental and therefore we shall not consider the other interesting questions involved.

The writ of prohibition should issue and the proceedings against the petitioner in this case be annulled.